**TOORCHEN v. OLIN INDUSTRIES, Inc.**

**Civil Action No. 7199.**

District Court, E. D. New York.

Sept. 17, 1946.

George E. Schwarz, of Springfield, N. Y. (Joseph P. Carey, of New York City, of counsel), for plaintiff.

Duncan & Mount, of New York City (Charles R. Millett, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

Defendant has moved under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a discovery and inspection of the rifle and ammunition with which the plaintiff claims to have sustained the injuries which are the subject of the action. Plaintiff seeks to condition his consent to the inspection upon the defendant being directed to furnish a copy of any written report of the examination which may be made on his behalf. The Court directed the plaintiff to produce the requested articles and reserved decision upon the question of the report.

If and when a written report is made by someone in defendant's behalf concerning the condition of the rifle and ammunition involved in the action, it will be a document which the court may direct that the plaintiff be permitted to inspect. However, no application by way of cross-motion is now before this Court and the same would be premature if it were. There is no report in existence and it may be that none will ever be made. While Rule 34 authorizes the court to prescribe the terms and

conditions of the inspection it orders, it would not be proper for the court to project its direction so far into the future as to cover any report which may be made at some indefinite time.

This determination is not at variance with this Court's decision in Lipshitz v. Bleyhl, D.C., 5 F. R. D. 225. Insofar as pertinent, it was there held that if a medical report of an examination of the plaintiff was in fact in existence, there being no assertion to the contrary, it was a document the production of which could be compelled under Rule 34.

A motion for inspection may be made at such time as it appears that a report is in existence.